SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**MELISSA E. LERITZ, OSB #154688**
Assistant United States Attorney
Melissa.LeRitz@usdoj.gov
310 West Sixth Street
Medford, OR  97501
Telephone: (541) 776-3564
Attorneys for United States of America

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### MEDFORD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **1:25-cr-00089-MC** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **DEVON JAMES WRIGHT,** | |
| **Defendant.** | |

### INTRODUCTION

On two separate occasions, Defendant Devon James Wright, a convicted felon several times over, possessed two separate firearms that Defendant attempted to conceal from investigators on both occasions.  Given Defendant's extensive criminal history and his resultant guidelines calculations, the Government respectfully requests the Court sentence Defendant to 115 months incarceration.

**Government's Sentencing Memorandum**                                                    **Page 1**

**FACTUAL BACKGROUND**

**A.    Portland Offense – June 23, 2024**

On June 23, 2024, Defendant was the passenger in a vehicle that was stopped for swapped license plates.  Summer Greer was identified as the driver.  When a records check was run on Defendant, it was discovered that he was on parole for a conviction of Felon in Possession of a Firearm.

Officers impounded the vehicle and during an inventory search, a small backpack was found directly behind the driver's seat.  Emblazoned on the backpack was the words "Trap D" in permanent marker.  Additionally, a single round of ammunition was found under the passenger seat where Defendant had been found.  In the bag, a Taurus semi-automatic pistol and a full pistol magazine was found.

**B.    Central Point Offense – October 26, 2024**

Undeterred from the Portland offense, Defendant was stopped in a stolen vehicle with Ms. Greer again just four months later, this time in Central Point, Oregon.  Upon her detention, Ms. Greer, who had been the driver, told police that Defendant had placed a gun in her purse in an attempt to conceal it from police.  Officers located a Taurus 9mm handgun in a pocket of a purse, just as Ms. Greer had described, alongside a fully loaded extended magazine.  Defendant invoked his right to remain silent.

**C.    The Charges & Guideline Computations**

On March 6, 2025, Defendant was charged in a two count Indictment with two counts of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1).  Defendant pled guilty to Counts 1 and 2 of the Indictment on December 8, 2025.  The

**Government's Sentencing Memorandum**                                          **Page 2**

Government will, subject to the limitations set forth in the agreement, recommend that defendant receive a three-level reduction for acceptance of responsibility.

The Government recommends the below guideline calculations, which are consistent with those set forth in the PSR:

| Enhancement | Government's Position |
|---|---|
| Base— USSG § 2B1.1(a)(1) | 26 |
| Acceptance of Responsibility— USSG § 3E1.1 | -3 |
| **Defendant's Total Offense Level** | **23** |
| **Criminal History** | **VI (13 pts)** |
| **Resulting Guideline Range** | **92-115 months** |

## ARGUMENT

### A.   Government's Recommended Sentence

Defendant has an extensive criminal history, with prior assault convictions and convictions that involve firearms.  Defendant has been undeterred by previous terms of incarceration.  In fact, Defendant was on parole for a Felon in Possession of a Firearm charge when he was initially contacted for the first offense alleged in the Indictment.  When stopped for the second offense alleged in the Indictment, Defendant was on his way to his probation officer's office.  No amount of incarceration or supervision appears to dissuade Defendant from engaging in further criminal activities, particularly those that involve firearms.

Defendant's violent history spans as far back as his juvenile record.  More recently in 2020, Defendant was the triggerman in a shooting leaving the victim with several gunshot wounds.  At that time, Defendant was already a convicted felon and therefore unable to lawfully possess a firearm.  In Defendant's case, his inability to conform his conduct to the law is

**Government's Sentencing Memorandum**                                                        **Page 3**

incredibly dangerous, and his flagrant disregard for the law poses a direct threat to the safety of the community.

### B.    Restitution & Forfeiture

Given the nature of these offenses, there is no restitution in this case.  However, the Government requests that both firearms, a Taurus, Model PT 99 AF, 9x19mm caliber pistol and a Taurus Model PT 111 Millenium G2 9x19mm pistol be forfeited.

### CONCLUSION

Based on the foregoing, the Government recommends that this Court impose a sentence of 115 months, followed by a 3-year term of supervised release, subject to the standard conditions, plus the special conditions outlined in the PSR.

Dated: April 1, 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

s/ *Melissa E. LeRitz*
MELISSA E. LERITZ, OSB #154688
Assistant United States Attorney

**Government's Sentencing Memorandum**                                                    **Page 4**